No. 42.—THOS. D. JOHNSON, plaintiff in error, vs. GEORGE W. HALL, defendant.

[1.] Where notes were placed in the hands of a Justice of the Peace for collection, by suit, and while the suit was pending, the defendant paid them off, and took up the notes from the Justice, before judgment—*held*, that the Justice was a collecting officer, and authorised to receive the money, and liable, under the Statute of this State, to be ruled therefor in the Superior Court, for money received or collected by him, in his official capacity.

Assumpsit, in Pike Superior Court, tried before Judge FLOYD, March Term, 1848.

This action was brought in the Court below, by the defendant in error, against the plaintiff in error, upon nine promissory notes, eight of which were for thirty dollars each, and one for six dollars and twenty-three cents, said notes, dated 21st March, 1840, and due the 9th September thereafter. Instead of making profert of the notes, the first count specially alleged as follows: " And your petitioner sheweth, that on the sixth day of March, in "the year eighteen hundred and forty-one, he placed said notes " in the hands of Jacob Crow, constable of the four hundred and " ninety-eighth company district of Georgia Militia, in Henry " county, for collection; who brought suits thereon in the Justice's " Court of said district, returnable to the April term of said Jus- " tice's Court, of said district, in the year eighteen hundred and " forty-one, before Henry Banks, then and there a Justice of the " Peace, in and for said district; that the said Thomas D. John- " son, at the Court to which the said suits were returnable, craft- " ily, subtly, and intending to deceive and defraud your petitioner, " then and there induced and prevailed upon the said Henry " Banks, Justice of the Peace, as aforesaid, to receive of him, the " said defendant, the sum of two hundred and forty-six dollars " and twenty-three cts., with the interest then due upon said prom- " issory notes, in depreciated, uncurrent, and valueless Bank notes, " to-wit, of the Monroe Rail Road and Banking Company, which " the said defendant then and there well knew to be uncurrent " and valueless, and which the said Henry Banks, Justice of the " Peace, as aforesaid, did then and there receive, and did then " and there deliver up to the said defendant, his promissory notes

" aforesaid; which Bank notes your petitioner had previously re-
" fused, and did then and there refuse and still doth refuse to re-
" ceive in discharge of said promissory notes." The second
count declared upon the indebtedness of the defendant, by virtue
of nine notes of like character, with those mentioned in the first
count, in the sum of $246 23, excusing profert under the circum-
stances above detailed.

The defence consisted of the pleas of *non assumpsit*, and of
the Statute of limitations, first, because " no right of action hath
" accrued to the plaintiff, to sue for and recover damage by reason
" of the said defendant having induced and prevailed on said
" Henry Banks, Justice of the Peace, as aforesaid, to receive
" said bills as is pleaded in plaintiff's declaration, within four
" years next preceding the commencement of this suit." And
secondly, " that he, defendant, did not undertake or promise, in
" manner or form as the said plaintiff hath above thereof set
" forth and alleged within four years previous to the commence-
" ment of this suit."

When this cause came on to be tried in the Court below, the
counsel for the defendant, Johnson, demurred to the declaration—

1st. To the first count, because the gist of the action in this
case, was the alleged fraud of the defendant, in inducing the Jus-
tice of the Peace, who was a collecting officer and agent for the
plaintiff, in receiving the money, to accept the bills of the Mon-
roe Rail Road and Banking Company, in payment of the notes,
and such fraud was not plainly, fully, and distinctly set forth in
the declaration; nor did the declaration set forth that any false,
fraudulent, or deceitful means were employed by the defendant,
to induce the acceptance of the bills in payment of the notes, nor
did the declaration shew what those means were.

2d. Because from the plaintiff's own statement in the declara-
tion, the debt had been paid to the Justice of the Peace, author-
ised by law to receive the same.

3d. Because. it did not appear, from the declaration, that either
the Justice of the Peace or the plaintiff had ever relied on any
representations of the defendant, or that either of them had ever
been defrauded or deceived thereby.

4th. Because, if the plaintiff dissented from the act of the Jus-
tice of the Peace, in receiving the money in satisfaction of the
debt, he should have done so within a reasonable time, and that

his dissent, together with a tender of the bills back, should be averred in the declaration.

And to the second count, because it contained, *per se*, no sufficient cause of action, and no description of the notes.   An on argument being had, the Court below overruled all the grounds of the demurrer assumed to both counts of the declaration; and decided that under the circumstances set forth in the declaration, the Justice of the Peace was not a collecting officer according to law, nor did the law make him the agent of the plaintiff in receiving the money, nor in delivering up the notes.   The counsel for the defendant, excepted.

The trial proceeded, and the plaintiff proved by Kingsberry, his agent, the placing of the notes in the hands of the constable for collection, without instructions as to what sort of funds he was to receive in payment.   That when informed of the payment in Monroe Rail Road money, he declined receiving it; that the notes had never been paid in any other funds within his knowledge, and that on one occasion previous to the notes being placed in suit, he had a conversation with the defendant, Johnson, who proposed to pay him in that sort of money, and that witness declined receiving funds of that character.   The witness then proved the contents of the notes, as alleged in the first count.   It was then proven by A. A. Gaulding, that in the spring of 1841 he believed the bills of the Monroe R. R. and Banking Company, were about some ten per cent. below par in Augusta, as were most of the suspended Banks of Middle and Western Georgia; that a very large portion of the currency of Pike and Henry counties consisted of the bills of that Bank, and were by many received as current at par; and that on a final distribution of the assets of the Bank (M. R. R.) the bill holders received a dividend of between sixty-five and eighty cents in the dollar.   Andrew R. Moon testified that in the spring of 1841, the bills of said Bank were, below par.

The testimony of Henry Banks, the said Justice of the Peace, taken by commission, was then offered in evidence by the plaintiff, which was objected to by defendant's counsel, on the ground that said Banks was interested in the event of the suit, and because the record of a recovery in this case could be used as evidence in another action which might be brought against him by the plaintiff.   The Court below overruled the objection, and the

Johnson *vs.* Hall.

counsel for the defendant excepted. The depositions of Banks were then read in evidence to the jury, which proved that said notes were placed in his hands by the constable for suit; that summonses were issued, returnable to the Justice's Court in 1841, and were paid off by the defendant, Johnson, at the term of the Justice's Court in April, 1841, in bills of the Monroe Rail Road and Banking Company; that the notes were given up to Johnson, who burned them in the presence of witnesses; that afterwards, Col. Clark, plaintiff's attorney, served witness with a notice that gold and silver would be required, or bills on the Banks of the city of Augusta, &c.; who was informed by witness, on receiving the notice that he had already collected said notes in Monroe Rail Road money, which he refused to accept. This witness further testified, that when he received said bills, they were current and at par at McDonough, Henry county; that he received bills of that Bank for all debts due himself, individually, and as a Justice of the Peace, and all others, as far as he knew, received such bills in payment of debts. The defendant, when he paid the money to witness, did not say anything to shew that he was doubtful of the money. Witness received the bills in good faith, and had no doubt at the time, but that it would be satisfactory to the plaintiff. The plaintiff here closed, and the counsel for the defendant offered no testimony, but moved the Court below for a non-suit, because the plaintiff's remedy, if ever he had one, was barred by the Statute of Limitations. The Court below overruled the motion, deciding that the Statute as plead, *four years* being the time mentioned in the pleas, did not apply to a case like this, six years being the time limited in the Statute applicable to this case. To which the defendant's counsel excepted upon the following grounds:

1st. Because the plaintiff's right of action on the notes is barred by the delivery and cancellation of the notes, as proved by the evidence, and this being an action on the case founded on the fraud committed by the defendant, in prevailing on the Justice of the Peace to receive the bills in payment, the plaintiff's right of action accrued immediately on the perpetration of the fraud, and more than four years having elapsed between that time and the commencement of the suit.

2d. Because the Court erred in deciding that this action is founded on the notes; the notes themselves not being set forth or

sufficiently described in either count of the declaration, they could not be considered as the foundation of the suit.

The Court below charged the jury, fully sustaining and affirming his previous ruling and decisions made in the progress of the cause, and told the jury plainly, that in the opinion of the Court, the defendant was in Court without any sufficient plea or evidence, and that they ought to find for the plaintiff the amount of principal and interest due on the notes, and this they could do either with or without retiring from the box as they might think proper. The Court below also charged the jury, that there was no evidence to show that the Justice of the Peace was the agent of the plaintiff to collect the notes, and that by law he was not a collecting officer before judgment. To which charge of the Court the defendant excepted—

1st. Because the Court erred in charging the jury that the Justice of the Peace was not a collecting officer, and that consequently the paymetn to him was no payment.

2d. Because the Court erred in charging the jury that there was no evidence to show, that the Justice of the Peace was the agent of the plaintiff, authorized to collect the notes.

3d. Because the Court erred in charging the jury, that the Statute of limitations was not properly pleaded in this case, and that six years was the time limited by law, as a bar to this action, and not four years, as insisted on in the pleas.

4th. Because the Court erred in instructing the jury, that the defendant was in Court without any sufficient plea and any evidence, and that the jury ought to find for the plaintiff the amount of the notes with interest, and this they might do without leaving the box, or after leaving the box, as they might think proper.

Upon the foregoing exceptions, the errors complained of are assigned.

Stark, for plaintiff in error, cited, 2 *Kelly*, 54, 55. *Hotchkiss*, 657, 660. *Story on Agency*, 87 *to* 93. *Chitty on Bills*, 394, 425. 1 *Stark. Rep.* 300. 13 *John.* 483.

Arncld, for defendant in error, cited, 3 *Kelly*, 261. *Prince*, 453, 511.

*By the Court.*—WARNER, J. delivering the opinion.

The Court below did not err, in our judgment, in overruling the defendant's demurrer to the declaration, or in refusing to nonsuit the plaintiff, on the ground that the plaintiff's demand was barred by the Statute of Limitations, nor for admitting the testimony of Banks. The delaration is drawn, it is true, in quite an informal manner, but we think it is substantially an action of assumpsit on the notes, and not an action on the case for fraud. The allegation, as to the manner in which the notes were paid to the magistrate, and the destruction of the same, we consider to be intended as an *excuse* for not making *profert* of the notes in the declaration. The principal question which we shall consider, and which must control this case is, whether a Justice of the Peace, in this State, is a collecting officer; the Court below being of the opinion that he is not a collecting officer, and that a payment to him, by the plaintiff in error, at the first term of the Court, while the notes were in his possession, was *no payment.*

By the laws of this State, a Justice of the Peace is required to perform both ministerial and judicial duties. It has been insisted, on the argument, that the reception of the money by the magistrate, and the giving up the notes to the defendant, was a *judicial* act, and not a *ministerial* act. If it was a *judicial act*, then it is equally fatal to the plaintiff's right to recover in the Court below, for, being the judgment of a Court of competent jurisdiction, it is *conclusive* upon the rights of the parties, unless reversed or set aside, which is not pretended to have been done. But we do not think the reception of the money by the Justice, was a *judicial* act, and that, by the Act of 1820, a Justice of the Peace in this State is recognized as a *collecting* officer; and therefore, we feel bound so to recognize him, at least when the note is placed in his hands for suit, until judgment shall be rendered thereon. The Act of 1820 is entitled "An Act more effectually to compel Justices of the Peace and constables, to pay over monies received or *collected* by them in their *official* capacities." It is declared by the Act, that "Justices of the Peace shall be so far considered officers of the Superior Courts as to be subject to be ruled, under similar regulations as are customarily pursued in relation to any other officer of said Court, when they shall refuse or

neglect to pay over any moneis which they may have received or *collected* in their official cpacity." *Prince's Dig.* 510. The Act of 1822, places Justices of the Peace on the same footing with sheriffs and Attorneys at Law, so far as to require them to pay twenty per cent. on any money they may have in their hands, on written demand for the same, when not promptly paid to the party entitled thereto. *Dawson's Compilation,* 403. When the payment was made by the defendant, in the Court below, to the Justice, he had possession of the notes and delivered them up to him before judgment had been rendered thereon, who had, in our judgment, the legal authority to receive it, and would have been liable to a rule therefor, on failure to pay it over as money "*received or collected in this official capacity.*" Whether the Justice acted in good faith, in receiving the Monroe Rail Road money, or not, we express no opinion; that was a question of fact with which the Court has nothing to do.

Let the judgment of the Court below be reversed, and a new trial had.