No. 94.—WILLIAM WORTHY, plaintiff in error, *vs.* WILLIAM
LOWRY, defendant.

[1.] On the 25th December, 1841, judgment was obtained in the Justice's
Court; January 5th, 1842, an execution issued, on which were these en-
tries: "*nulla bona*" by the Constable, 7th February, 1842; *fi. fa.* returned
and *ca. sa.* issued by the Magistrate 31st January, 1849; levy on land by
the Constable, July 28th, 1849.  It was admitted that a short time before
the last entry, the officer went to arrest the defendant under the *capias*,
who pointed out the land; whereupon, the *ca. sa.* was returned and the
*fi. fa.* re-issued: *Held*, that the judgment was not void under the Act of
1823.

Claim, in Whitfield Superior Court.   Tried before Judge
TRIPPE, October Term, 1855.

This case arose from a levy on land of a Justice's Court *fi.*
*fa.* against one Carpenter, and a claim by Worthy.

Plaintiff in execution introduced the *fi. fa.* founded on a
judgment of the 25th of December, 1841, and issued January
5th, 1842; on which were the following entries : a return of
*nulla bona*, made by a Constable February 7th, 1842; an
entry by the Justice of the Peace, of "*fi. fa.* returned, and
*ca. sa.* issued," dated January 31st, 1849.   The *ca. sa.* was
produced, and had no entry on it; but it was shown, that a
short time before the present levy, the Constable had gone
to arrest the defendant, who had pointed out this lot of land;
upon which, the *ca. sa.* was returned, the *fi. fa.* re-issued, and
levied on the land now in dispute, July 28th, 1849, which
levy was on the *fi. fa.*

Claimant objected to this *fi. fa.* as void under the "Dor-
mant Judgment Act;" which objection was over-ruled by
the Court; and this decision is assigned as error.

AKIN, for plaintiff in error.

WALKER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Was the judgment in this case dormant?

The Court below decided that it was not; and we think, decided right.

This case is not distinguishable from that of *Strawbridge vs. Mann et al.* (17 *Ga. R.* 454.) The facts upon which that case went, were briefly these: That the *ca. sa.* had been preceded by a *fi. fa.* which issued within seven years, and on which there was an entry of *nulla bona*, within seven years from the date of the judgment; that the date of the *ca. sa.* was within seven years from the date of the judgment, and that the arrest took place within seven years from the date of the *ca. sa.*

It is true, that in the case before us, there was no arrest of the defendant on the *ca. sa.* within seven years from its date. But there is that which is equivalent to it; when the officer went to make the arrest, the land, which is the subject of this dispute, was pointed out by the defendant, and a levy was made on the land by the *fi. fa.*; and all this within seven years of the date of the *ca. sa.* Indeed it lacked but a few months of being within seven years of the date of the judgment.

So much, then, for the identity between the two cases. But the case before us has a feature which was wanting in the other, namely: the indorsement on the *fi. fa.* by the Justice of the Peace, that the *fi. fa.* had been returned, and that a *ca. sa.* had issued. And this entry was made within seven years from the date of the *fi. fa.*

And which, we would respectfully ask, is best calculated to give notice to creditors and purchasers, that a judgment is open and operative, a credit of five dollars made by the Sheriff or Constable on the execution, and the paper immediately replaced in the pocket or secretary of the plaintiff, or this entry by the Magistrate on this precept?

But Counsel contend that the words of the Act must be

Worthy *vs.* Lowry.

literally complied with.   Very well—if the rule of *literal* interpretation is to be applied, there was a return of "*no property*" on the *fi. fa.* by the Constable, within seven years from the date of the judgment.   And this fully satisfies the words of the Statute.   But it is replied, that this Court has already decided, that the *Equity* of the Statute requires that this entry should be repeated every seven years.   This is true, and this Court has also held, in *Strawbridge and Mann*, that just such a case as this does not come within the mischief intended to be provided against by the Dormant Judgment Act.   In other words, that by an equitable construction of the law, this case should be excluded.

We must be consistent with ourselves, at least; we must adopt and adhere to one mode of construction or the other. Thus far, right or wrong, we have been uniform in putting an equitable construction upon the Act of 1823.   And upon this principle, the past adjudications are all reconcilable.   I shall be pardoned, I trust, for saying, however, that with my political creed, being a State Right's man of the straightest sect, I never yielded more reluctantly to any judgment pronounced by this Court, than that of *Booth vs. Williams*, (2 *Kelly* 253.)   The convention of Judges, as early as 1832, in *Stone against Head et. al.* (*Dudley*, 166,) had ruled, that unless the entry was renewed every seven years, showing continuing vigilance on the part of the plaintiff or owner, that the judgment was void.   And believing it to be the first duty of a Judge, as it is of every good citizen, to yield to authority, I surrendered my individual opinion, especially as the question involved was the construction of a Statute which had been acted upon so long.   We may yet be driven, from the necessity of the case, to return to the plain and obvious language of the law.   For myself, I believe its benefits greatly over-rated.   Its only practical effect being, to operate very hard upon kind-hearted and careless creditors.

It is true, that the claimant in this case is probably a purchaser.   But if so, the present levy was made within little more than seven years from the date of the judgment, and it

does not appear when his title accrued, if, indeed, he has any. It is probably within seven years from the date of the judgment. He is not, therefore, one of that class of purchasers intended to be favored by the Statute.