J. B. TANNER, plaintiff in error, *v.* ISAIAH HOLLINGSWORTH, defendant in error.

(Atlanta, June Term, 1870.)

WRIT OF ERROR—APPELLATE PRACTICE—FAILURE OF CLERK TO SEND RECEIPT FOR RECORD—NO GROUND FOR DISMISSAL.—The failure of the clerk below to send to the Clerk of this Court the receipt which, by Rule 11th of this Court, he should take from the Post Master or Express Company, for the record, when he delivers it for transmission to this Court, is no ground to dismiss the writ of error. The Rule is but directory to the Clerks below. (R. See end of Report.)

Tanner v. Hollingsworth

DORMANT JUDGMENT—HOW DORMANCY PREVENTED*
—ENTRY UPON EXECUTION WITHIN SEVEN YEARS
FROM ITS DATE.—A judgment on which an execution issued
within seven years from its date, it not dormant if there be a proper
entry upon the fi fa. within seven years from its date, even though
the entry on the fi. fa. be more than seven years after the date of
the judgment.

Dormant Judgments. Bill of Exceptions. Before Judge Green.
Henry Superior Court. April Term, 1870.

On the 25th of January, 1862, R. M. Sprayberry obtained sev-
eral judgments against P. G. Moseley and Isaiah Hollings-
134   worth, *in a Justice's Court, in said county. Sprayberry
afterwards transferred these judgments to J. B. Tanner.
On the 8th of April, 1864, a fi. fa. was used upon each of said
judgments. On the 17th of November, 1869, these fi. fas. were
levied upon Hollingsworth's property. Hollingsworth filed his
affidavits that said fi. fas. were proceeding illegally, because said
judgments were dormant. The Justice sustained the illegality
upon said ground. Upon certiorari Judge Green affirmed the
decision of the Justice. That is assigned as error. (When this
case was called here, a motion was made to dismiss it, because
the Clerk of the Court below had not sent to the Clerk of this
Court a copy of the receipt of the post master or express agent,
for the record, as required by the 11th Rule of this Court. The
motion was overruled, upon the ground that that was only di-
rectory to the Clerks of the Superior Courts.

M. Arnold, for plaintiff in error.
S. C. McDaniel, by T. W. J. Hill, for defendant.

---

*DORMANT JUDGMENT—HOW DORMANCY PREVENTED
—ENTRY UPON EXECUTION WITHIN SEVEN YEARS FROM
ITS DATE.—In order to prevent dormancy of a judgment it is re-
quired that an execution shall be issued on such judgment and placed
upon the execution docket within the period of seven years from the
date of the rendition of the judgment; and if within such period an
execution previously issued is placed on the proper docket, then the
judgment does not become dormant unless it appears that no prop-
erty entry has been made on the execution, and recorded on the exe-
cution docket within seven years from the date of the entry of the
execution on the docket. Easterlin v. New Home Sewing Machine
Co., 115 Ga. 305, 41 S. E. Rep. 595. In this case, the court said: "In
the case of Tanner v. Hollingsworth, 41 Ga. 133, it was ruled that
a judgment on which an execution issued within seven years from its
date is not dormant if there be a proper entry upon the fi. fa. within
seven years from its date, even though the entry on the fi. fa. be
more than seven years after the date of the judgment. While this
case was adjudicated prior to the act of 1885, the principle rule is
wholly unaffected by that act, and is controlling in this case."

SAME—SEVEN YEARS BETWEEN THE DATE OF FI. FA.
AND DATE OF ENTRY—RULE TO COMPEL COLLECTION.—
In a contest over a fund in court though more than seven years may
have elapsed from the date of a fi. fa. to the date of the first entry
thereon, it will not be held dormant if it appears that within that
time the plaintiff ruled the sheriff to compel its collection, that the
latter answered showing reason for not having collected the money
and that the rule was discharged. Corley v. White, 69 Ga. 338, citing
Ector v. Ector, 25 Ga. 276; Battle v. Shivers, 39 Ga. 415; Tanner v.

McCAY, J.

Section 2863 of the Revised Code, by its very terms, settles this case. That Section contemplates two cases: 1st. Where an execution has issued upon a judgment within seven years from the date of the judgment. 2d. "Where execution has issued and no entry is made by the returning officer within seven years from the date of the last entry on the execution." In each of the two cases the judgment is dormant.

And this language is perfectly in accord with the object of the Legislature in providing for judgments becoming dormant. It is not to protect the defendant. It is not that the defendant shall be notified once in seven years that the judgment is claimed as existing. It is to protect and notify other creditors and purchasers. Once in seven years there must be such official action, as, put as it is required to be, upon the public dockets, will notify the world that the plaintiff claims his judgment as a subsisting one. This claim is just *as well notified to the world, by the Clerk's entry, that he has issued a fi. fa., as it is by the sheriff's return upon that fi. fa. Both these entries are official acts, which, if the law is complied with, are entered upon the proper dockets, and are notice to any one who will take the pains to inquire at the proper place.

Judgment reversed.

---

Hollingsworth, 41 Ga. 133; Thrasher v. Foster, 42 Ga. 212; Hatcher v. Gammell, 49 Ga. 576; Water Lot Co. v. Bank, 53 Ga. 30; Nelson v. Gill, 56 Ga. 536.

SAME—SAME—MOTION FOR RELIEF AGAINST JUDGMENT.—In a contest between the plaintiff and defendant in fi. fa. though no entry be made on the execution in seven years, yet, if, during that time the record of the court discloses that a motion was made by defendant for relief against the judgment in the court where it was obtained, and that after argument had on said motion the execution was ordered to proceed within the seven years, and the next year after such order for the execution to proceed, a levy was made, the judgment on which such execution issued, is not dormant. Nelson v. Gill, 56 Ga. 536. The court, in this case, said: "If we should confine ourselves to the words of the statute we should hold it dormant, but this court in 2d and 3d Kelly, and many following cases, departed from the words and have given the dormant acts an equitable construction. The principle arrived at seems to be that as between the plaintiff and defendant any record facts which go to show that the judgment creditor was active, particularly if his want of activity during any of the time was caused by the act of the defendant, would operate to save the judgment from the operation of the act, such as claiming money in court, in the case in 3 Kelly, and any official action upon the public dockets so as to notify the world that the plaintiff claimed that his judgment was subsisting as in 41 Ga. 133. We think this case comes within the principle ruled in those cases: (Wiley v. Kelsey,) 3 Ga. 274; (Tanner v. Hollingsworth,) 41 Ga. 133; (Worthy v. Lowry,) 19 Ga. 517; (Ector v. Ector,) 25 Ga. 274; (Thrasher v. Foster,) 42 Ga. 213, and that this judgment is not dormant."

The principal case is cited to the same effect in Gholston v. O'Kelley, 81 Ga. 19, 23, 7 S. E. Rep. 107.