EARLY W. THRASHER, plaintiff in error, *vs.* ALBERT G. FOSTER, defendant in error.

Where, upon issue joined on a sheriff's answer between two contesting judgments, claiming money raised by the sale of the property of defendant, it appeared, upon the trial, that the judgment of Thrasher was dated 10th of September, 1863, and on the 12th of May, 1862, the *fi. fa.* issued therefrom had an entry by the sheriff of costs received from the plaintiff; and it also appeared, in 1867, he had petitioned the Court for an order granting an *alias fi. fa.*, which was granted, and with the proceedings in March, 1867, was placed upon the minutes of the Superior Court, and it further appeared at the time of the sale of the property, a transcript of the record of judgment in January, 1868, was placed in the sheriff's hands at the time of sale, and in March, subsequent thereto, the *fi. fa.* was placed in his hands, and upon the trial of such issue this judgment *fi. fa.*, with the entries thereon were rejected by the Court, on the ground that it was dormant, to which exception was then made, and the Court, after the rejection of the other *fi. fa.*, permitted the other contestant to take a verdict:

*Held*, That it was error in the Court to have permitted the verdict, under the facts in this case, as under his ruling rejecting the *fi. fa.*, there was no issue to try, and nothing which invoked the judgment of the jury, and that his judgment was, in effect, final, and came before this Court properly by appeal.

*Held again*, Under the facts in this case, and the former decisions of this Court, the Court erred in holding the judgment to be dormant, the entry by the sheriff, of costs received from the plaintiff, was sufficient

to keep the judgment from becoming dormant and the petition for the issuing of an *alias fi, fa.* and the proceedings therein had, was evidence of the intent of such plaintiff that his judgment was subsisting within the provision of law, and that the Court erred in holding the judgment to be dormant.

Dormancy of Judgments.   Before Judge ROBINSON.   Morgan Superior Court.   September Term, 1870.

On the 10th of September, 1860, Thrasher obtained a judgment against Baldwin Copeland, and had a *fi. fa.* issued thereon.   On the 12th of May, 1862, the sheriff receipted on the *fi. fa.* for the costs then paid by Thrasher.   On the 15th of July, 1863, Thrasher receipted on the *fi. fa.* for part of the sums due thereon.   The *fi. fa.* was lost, and on the 18th of March, 1867, an order was issued at Chambers for an *alias fi. fa.*, upon Thrasher's petition, and the *alias* issued. Subsequently Copeland's property was sold under a *fi. fa.* in favor of Foster, founded upon a judgment obtained in 1863, and the sheriff was ordered by Thrasher's attorney to pay the proceeds to Thrasher's judgment.   He did not pay, and was ruled by Thrasher.   He answered the facts and prayed direction from the Court.   Foster became a party to this rule, and averred that Thrasher's judgment was dormant, or, if not, was paid, and on this he and Thrasher joined issue.

On the trial, Thrasher's counsel read in evidence the *alias fi. fa.* showing said entries and a copy of the proceedings for obtaining this *alias.*   Foster moved to rule out this evidence, because from it, it was apparent that Thrasher's judgment was dormant, and the motion was sustained.   The jury rendered a verdict finding that the fund in the sheriff's hands was subject to the payment of Foster's judgment, and not subject to Thrasher's.   The ruling out of said evidence for said reason, and the allowance of said verdict, are assigned by Thrasher as error.

THRASHER & THRASHER, REESE & REESE, for plaintiff in error.

A. G. & F. C. FOSTER, J. A. BILLUPS, for defendant.

LOCHRANE, C. J.

This case came before the Court upon an issue formed on a rule *nisi* granted against the Sheriff of Newton county, claiming money raised by the sale of property belonging to one Baldwin Copeland. The defendant in error suggested fraud, payment of the execution and its dormancy, and upon a trial of the case it appeared that Thrasher's *fi. fa.* was issued on a judgment dated 10th September, 1860, and on the 12th day of May, 1862, thereafter, contained an entry of the receipt for costs from the plaintiff, Thrasher, by the sheriff. It also appeared that, in 1867, Thrasher petitioned the Court to grant an order for the issuance of an *alias fi. fa.*, which was granted. The order, with the proceedings, were directed to go of record on the minutes of the Court on the 18th day of March, 1867.

It was also shown that a notice, with a transcript of the record with the judgment, was given to the sheriff on the 7th of January, 1868, by plaintiff's attorney, and subsequently thereto, on the first Monday in March, 1868, the *alias fi. fa.* was placed in the sheriff's hands, which was done before the rule *nisi* was issued.

Among other objections made to the testimony and introduction of the *fi. fa.*, with entries thereon, by the attorneys of A. G. Foster, one was, that the *fi. fa.* was dormant, which objection the Court sustained, and ruled out said *fi. fa.*, which ruling was then and there objected to, and after which the Judge presiding permitted Foster to go to the jury and take a verdict, finding the money in the hands of the sheriff not subject to the *fi. fa.* of Thrasher which had just been ruled out, but that it was subject to the *fi. fa.* in favor of Foster. On this statement of facts and the exceptions recited, the case comes now before the Court.

In the view which we take of this case, and the legal pro-

positions it involves under the direction which, in the opinion of this Court, it is proper to give it, it will not be necessary to discuss some questions which have been raised and argued before us in relation to the discrepancy between the allegations in the petition for *alias fi. fa.* and the order granting the same, so far as relates to an entry of credit.   Under the facts in this case we hold, after the Judge ruled out the *fi. fa.*, the predicate of the rule *nisi* against the sheriff, and upon whose answer to which issue had been joined between that *fi. fa.* and the one under which the property was sold, it was error in the Court to have permitted the verdict of the jury, as under his ruling there was no issue for the jury to try, and nothing which invoked their judgment, the ruling of the Court being in its nature a final disposition, and such a judgment as could properly by appeal come before this Court for its reviewing adjudication.   Again, upon the facts in this case, we do not hold that this judgment was dormant.

Under the decision of this Court in *Battle vs. Shivers,* Judge McCay, in delivering that opinion, enters into an able and elaborate opinion upon this subject, which renders it unnecessary for us to reiterate the legal principles so ably discussed in an exhaustive disquisition on the common and statute law upon this subject.   Quoting from that decision, we say the point of the Act that the plaintiff, once in seven years, at least, shall so use his judgment as that the proper officer has a return to make to the Court, the words are: "A return by the proper officer."   Now, anything is a return which is a reply to the mandate of the Court—anything which the sheriff might lawfully return.   The intent of the law is not repose; the plaintiff may keep his judgment in force by a simple direction to the sheriff, once in seven years, not to proceed with it; provided, that it is put by the sheriff in the shape of a return.   Under the equitable construction given to this Act by our predecessors, and within the principles of the decision just recited, this Court held, at the present term, that the payment of costs, merely, by the defen-

dant to the sheriff, entered upon the execution was sufficient to keep the judgment from becoming dormant. We see no reason why the payment of costs by the plaintiff is not entitled to the same principle of construction, and does not possess the same efficacy and effect as the payment by the defendant, when it is properly entered as returned by the sheriff. In 25*th Georgia*, 275, this Court, LUMPKIN delivering the opinion, refers to 2*d Kelly*, 252, and referring to the dormant judgment Act, says: "This Court, when the dormant judgment Act first came before it for construction, following the lead of the Judges in convention, departed from the letter of the statute, and interpreted it by its reason and spirit." And as the case of *Booth vs. Williams*, Judge WARNER delivering the opinion, gave to this Act a liberal construction, using this language: "It is an ancient maxim of the law that he who sticks to the letter sticks to the bark, and gets the shell without the kernel—the form without the substance. *Qui heret in litera heret in cortice.*"

By the application of these general principles, we feel satisfied that, for the purposes for which the Act in question was enacted, such payment by the plaintiff of costs, and such entry by the sheriff was, in its substantial effect, and in the spirit of construction, as potential as the payment of costs by the defendant and such entry by the sheriff would have been, and comes within the principle decided by this Court, at this term, in the case of *Clark vs. Feagan.*

Again, we hold that the petition by the plaintiff in *fi. fa.* for the issuing of an *alias fi. fa.*, and the proceedings therein had, was evidence of the intent of such plaintiff, of his claim that his judgment was subsisting and sufficient notice of that fact, within the spirit of the law. In view of this proceeding in open Court, and speaking from its minutes, may we not say with Judge LUMPKIN, in the case of *Ector vs. Ector*: "Is not the publicity of this transaction quite equal to a return of *nulla bona*, or a receipt of $5 00 upon the writ of execution by the sheriff or constable? Does it not demon-

strate, in point of fact, that the creditor is actively endeavoring to collect his money?"

In *Wiley et al., vs. Kelsey et al.,* this Court held that if an execution is not barred at the time it comes into Court to claim money, the statute cannot subsequently attach, pending the litigation. We, therefore, hold under the former decisions of this Court and under the facts in this case, that the Court below erred in holding this judgment to be dormant and rejecting it upon this ground in the trial of the issue in the Court below.

Judgment reversed.