Clark *vs.* Feagan.

JOHN T. CLARK, assignee, plaintiff in error, *vs.* H. G. FEAGAN, sheriff, defendant in error.

A return by the sheriff upon a *fi. fa.*, that he has "received of the defendant $9 25, in full of the costs on this *fi. fa.*, is such a return or entry as, under section 2863 of the Revised Code, will prevent the dormancy of the judgment.

Relief. Dormancy of Judgments. Before Judge HARRELL. Stewart Superior Court. October Term, 1870.

On the 14th of December, 1853, Blanford & Brown obtained a *fi. fa.* on their judgment against one Evans. They transferred this *fi. fa.* to James Clark, and he to John T. Clark on the 17th of March, 1859. On the 3d of March, 1860, on the 5th of January, 1863, and on the 20th of December, 1865, different payments were made to Clark and receipted for on the *fi. fa.* It had on it another receipt, as follows: "Received of C. A. Evans, $9 25-100, in full of costs on this *fi. fa.*, February 21, 1861. George W. Kidd, D. S." On the 27th of November, 1867, it was levied upon certain land. The sheriff, having failed to make the money on it, was ruled at April Term, 1869. When the cause came on for hearing the sheriff rested alone upon the facts that this was a debt due prior to June, 1865, and that, as he was advised, said *fi. fa.* was dormant. The Court discharged the rule upon the grounds that the *fi. fa.* was dormant, and that a rule did not lay for the refusal to execute a *fi. fa.* founded upon a debt dueprior to June, 1865. This is assigned as error.

JOHN T. CLARK, for plaintiff in error, said the judgment was not dormant, the payment of costs kept it alive: 2 Kelly, 253; 7th Ga. R., 187; 17th, 187; 18th, 746; 24th, 445; 25th, 274; 39th, 354–5; 413, 419; Acts 1856; Code, sec. 2855; as to enforcing *fi. fa.*: Code, sec. 3873; 34th Ga. R., 309.

E. H. BEALL, for defendant.

McCay, J.

We see no reason why a return by the sheriff that he has collected the costs on a *fi. fa.* is not a return, in the sense of that word as used in section 2863 of the Code. It is surely an "entry" by the officer authorized "to execute and return" the *fi. fa.*; and it is a reply to the mandate of the writ. It is a proper return for the sheriff to make. It would be evidence as an official return.

That the costs are not due to the plaintiff, but to the officers of the Court, does not, as it seems to us, affect the question. The judgment for the plaintiff is for the costs, and he is charged with collecting them; they are received and collected in his name.

As we said in the case of *Battle vs. Shivers*, 39th *Georgia*, 405, this entry is to go on the docket, and to be notice that, at its date, there was a subsisting judgment.

The law does not require that some *action* be taken by the plaintiff, but that there shall be a *return*—an *entry*. This may be a statement by the officer that the plaintiff has actually dismissed a levy, refused to act.

The very words, as well as the spirit of the law, have been complied with, and we think the judgment was not dormant.

Judgment reversed.