THE WATER LOT COMPANY OF THE CITY OF COLUMBUS, plaintiff in error, *vs.* THE BANK OF BRUNSWICK, defendant in error.

1. When, pending a suit by a corporation, an act of the legislature was passed changing the name of the corporation, if corporators should consent, and the suit proceeded to judgment in the original name:
*Held,* that it was too late after judgment for the defendant to set up that there was no such corporation, especially if he fails to make it appear that the corporators accepted the new name.

2. Where an order was passed during term time by the judge, and put upon the minutes, establishing a lost execution without any notice to defendant, and a levy and return upon the same was made by the sheriff and the lost *fi. fa.* was subsequently found:
*Held,* that the entry upon the established copy was such an entry as pre-

Water Lot Company of Columbus *vs.* Bank of Brunswick.

vented the judgment from becoming dormant, and this, even though the plaintiff, after finding the original, upon his own motion, set aside the established copy.

Corporations. Judgments. Lost papers. Executions. Before Judge James Johnson. Muscogee Superior Court. November Term, 1873.

On June 5th, 1854, the Bank of Brunswick instituted actions of *assumpsit* against the Water Lot Company of the city of Columbus, one for $782 30, besides interest, and the other for $250 00, besides interest, alleged to be due upon certain due bills. Judgments were obtained on June 7th, 1855, and executions issued on July 9th, 1855.

By act of February 13th, 1854, the name of the Bank of Brunswick was changed to that of the Union Bank, " if the stockholders therein so determine." It was further provided " that upon all contracts of any kind, heretofore or prior to the first day of September next, made by or with said bank, shall be good and valid, and may be sued on in favor of or against the said bank by its said new name, and that in all suits brought in favor of or against it by its present name, and which may be undetermined on the said first day of September next, it shall be sufficient to suggest upon the record the change of name made by this act, and said suits shall be proceeded in accordingly."

At the November term, 1873, counsel for defendant moved to quash said executions upon the following grounds:

1st. Because said *fi. fas.* are, as appears by their face and the entries on them, both dormant and barred by the statute of limitations.

2d. Because at the time the judgments were rendered on which the *fi. fas.* are based, there was not in existence any corporation having the name of the Bank of Brunswick or having authority to use that name.

On each of these executions were entries, in brief, as follows: A levy on certain property, of date September 1st, 1855. " Sale postponed to first Tuesday in November. October 2d, 1855.

Levy dismissed October 24th, 1873.   (Signed) H. G. Ivey, sheriff." A levy on certain property of date October 25th, 1873.

It also appeared that the execution for the larger amount had been lost and a copy established with the aforesaid entries thereon, without any notice to the defendant.   An additional entry had also been made on the same of a levy on certain property, of date April 1st, 1868.   Pending the argument of the motion, counsel for the plaintiff, having found the original, had the order establishing the copy set aside.   The motion was overruled and defendant excepted.

HENRY L. BENNING, for plaintiff in error.

R. J. MOSES, for defendant.

McCAY, Judge.

1. The question made as to the name is not vital.   It is not denied that there was a corporation, and that the plaintiff was originally known by that name.   The English rule, and the one adopted generally, is, that if the plea be that there is no such corporation, that is a plea in bar, but if the objection be merely as to the name, the plea is only a misnomer, and must be pleaded in abatement.   The charter, as well as the change of name, is matter of public law, of which the court will take notice, so that the objection is really only in the nature of a plea in abatement: 1 Saunders' Reports, 340, note (*h.*;) 1 Bos. & Pull., 40; 30 Illinois, 120.   Besides, it does not appear that the corporation ever accepted the new name, and the motion does not so allege.

2. This court has several times held that any proceedings by the plaintiff, showing that he claimed his judgment to be a subsisting one, entered of record—as putting in his *fi. fa.* to claim money, prosecuting a claim, etc., is a substantial compliance with the act of 1825, so as to prevent the judgment from becoming dormant.   Here was a proceeding during term time, and an order passed by the judge, put upon the minutes by the plaintiff, based upon his claim of a subsisting judgment.

Is not this as good as a return of no property, or a levy and an order to dismiss it? The point of the statute is not *action*, but some proceeding showing that the plaintiff claims his judgment to be subsisting. This copy was levied and a return made. True, the original was afterwards found. That the copy was abandoned does not, we think, change the result. The plaintiff was proceeding with his judgment. The copy was a legal copy, and the proceeding had all the substantial effect of a return on the original.

Judgment affirmed.