Nelson *vs.* Gill.

---

Sarah Nelson, plaintiff in error, *vs.* John M. Gill, defendant in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

In a contest between the plaintiff and defendant in *fi. fa.*, though no entry be made on the execution in seven years, yet if, during that time, the record of the court discloses that a motion was made by defendant, for re-

Nelson *vs.* Gill.

lief against the judgment in the court where it was obtained, and that after argument had on said motion, the execution was ordered to proceed within the seven years, and the next year after such order for the execution to proceed, a levy was made, the judgment on which such execution issued is not dormant.

Executions. Statute of Limitations. Levy and Sale. Before Judge CLARK. Macon Superior Court. December Term, 1875.

Reported in the opinion.

THOMAS P. LOYD, by brief, for plaintiff in error.

W. A. HAWKINS, for defendant.

JACKSON, Judge.

In this case the facts were submitted to the court and were as follows: No entry was made on the execution in seven years from the date thereof, but a motion was made to open and reduce it under the relief laws by one of the defendants, and returned to court by the sheriff; and then it was continued from term to term, and within seven years from the judgment the court ordered it to proceed; and the next year it was levied and met by an affidavit of illegality that it was dormant because no entry was made upon it.

If we should confine ourselves to the words of the statute, we should hold it dormant, but this court, in 2d *Kelly*, and 3d *Ibid.*, and many following cases, departed from the words and have given the dormant acts an equitable construction. The principle arrived at seems to be that, as between the plaintiff and defendant, any record facts which go to show that the judgment creditor was active, particularly if his want of activity during any of the time was caused by the act of the defendant, would operate to save the judgment from the operation of the act, such as claiming money in court, in the case in 3 *Kelly*, and any *official action* upon the public dockets so as to notify the world that the plaintiff claimed that his judgment was subsisting, as in 41 *Georgia Reports*, 133. We think

this case comes within the principle ruled in those cases: 3 *Kelly*, 274; 41 *Georgia Reports*, 133; 19 *Ibid.*, 517; 25 *Ibid.*, 274; 42 *Ibid.*, 213; and that this judgment is not dormant, and we therefore affirm the judgment of the circuit court.