CORLEY *vs.* WHITE *et al.*

In a contest over a fund in court, though more than seven years
    may have elapsed from the date of a *fi. fa.* to the date of the first
    entry thereon, it will not be held dormant if it appears that within
    that time the plaintiff ruled the sheriff to compel its collection, that
    the latter answered showing reasons for not having collected the
    money, and that the rule was discharged. Evidence to prove such
    facts is admissible.

November 14, 1882.

Judgments. Executions. Before Judge STEWART.
Newton County. At Chambers. May 24, 1882.

Reported in the decision.

MIDDLEBROOKS & EDWARDS, for plaintiff in error.

CLARK & PACE, for defendants.

SPEER, Justice.

There were two questions made by this record, which
was a proceeding by rule against the sheriff of Newton
county, to distribute certain funds in his hands arising

Corley *vs.* White *et al.*

from the sale of the property of the defendant in *fi. fa.* of A. H. Lee.

When the *fi. fa.* of H. & T. M. White was offered in evidence to the court (who, by agreement of the parties, tried both questions of fact and law), it was objected to on the ground that it was dormant, for the reason "that more than seven years had elapsed from the date of the *fi. fa.* to an entry and return thereon by an officer authorized to make it."

To meet said objection, the Whites offered in evidence a record proceeding from the minutes of the court, in the nature of a rule instituted by them against one Bower, former sheriff of said county, in which he was required to show cause why he should not pay over the amount of principal and interest due thereon on the *fi. fa.* now before this court, and the answer of the sheriff to said rule, also an affidavit filed by the defendant in *fi. fa.* to the proceeding of the same, and the judgment of the court discharging said rule. The date of the *fi. fa.* was 25th day of July, 1870, and the date of the rule against the sheriff seeking to enforce the collection of said *fi. fa.* was 27th March, 1871.

The question presented then is, whether a rule against an officer instituted in the court from which said *fi. fa.* issued, and the answer or return of such officer, setting forth his reasons and excuses for not collecting said *fi. fa.*, is such a proceeding on the part of the plaintiff, when taken in connection with the return of said officer, as amounts in equity to an official return by the officer on said *fi. fa.*, and establishes a new point of departure from which the statute begins to rule. If so, then the entry was in time, for the next entry and return on the *fi. fa.* is dated on the 5th of February, 1878, being less than seven years from the date and dismissal of the rule. The court below allowed the rule and answer of the sheriff as evidence, and on the admission of all the proof in the case, held said *fi. fa.* was not dormant. To these rulings plaintiff in error excepted.

If the legal effect of the rule and answer of the sheriff was such a return as to the execution as saved the bar of the statute, then the evidence objected to was competent and relevant; and that such was the legal effect of such a proceeding in court as to this *fi. fa.* to arrest the running of the statute and establish a new point from which it began again to run, has been so repeatedly ruled by this court in principle that it may not now be questioned. 53 *Ga.*, 30; 49 *Ib.*, 576; 39 *Ib.*, 415; 56 *Ib.*, 536; 41 *Ib.*, 133; 42 *Ib.*, 212; 25 *Ib.*, 276. In the *Water Lot Company of Columbus vs. the Bank of Brunswick*, 53 *Ga.*, 30, the court said : " This court has several times held that any proceeding by the plaintiff showing he claimed the judgment to be a subsisting one, entered of record, as putting in his *fi. fa.* to claim money, prosecuting a claim, etc., would be a compliance with the act of 1825, so as to prevent the judgment from becoming dormant."

Here was a proceeding put upon record by a rule to enforce the collection of this *fi. fa.* of which the world had notice, and before seven years had elapsed from that date another official entry is made by the executing officer. We see no error in the judgment of the court holding that the *fi. fa.* was not dormant under the proofs submitted.

Judgment affirmed.