GHOLSTON, administrator, *vs.* O'KELLEY, administrator, *et al.*

1. Where a fund was raised from the sale of property of a defendant in execution under certain *fi. fas.*, and the plaintiff in other *fi. fas.* placed them in the hands of the sheriff to claim the money, and a portion of it was credited on the *fi. fas.*, to-wit, the costs due the magistrate in whose court the last named *fi. fas.* were obtained, and $26 for which plaintiff in *fi. fa.* receipted on one of them, it was error to hold that such *fi. fas.* were dormant, seven years not having elapsed from the date of such credit and receipt.
(*a*) It has always been held that §2914 of the code should receive an equitable construction; and it has also been held that any public act of the plaintiff going to show that the execution was still in life, would be sufficient to prevent its becoming dormant.
2. Placing an equitable construction upon the section mentioned, the receipt for his costs entered upon the *fi. fas.* by the magistrate, is sufficient to prevent their dormancy.

July 11, 1888.

Executions. Dormancy. Justice of the peace. Before Judge LUMPKIN. Madison superior court. September term, 1887.

Reported in the decision.

JOHN J. STRICKLAND, for plaintiff in error.

ALEX. S. ERWIN, by HARRISON & PEEPLES, *contra.*

SIMMONS, Justice.

O'Kelley, as administrator of H. P. Smith, filed a bill

to marshal the assets of the estate of his intestate. The only creditors who appeared to have answered the bill were M. D. L. Gholston, as the administrator of W. J. Gholston, and S. T. and M. L. Smith. The contest on the trial below was between Gholston, administrator, (who had certain justice's court *fi. fas.* against the intestate) and the Smiths, who had a claim against the intestate for certain services rendered him for four years prior to his death. Gholston claimed that his *fi. fas.* were not dormant, and that he had placed them in the hands of the sheriff to claim the money, which was in the sheriff's hands, raised from the property of Smith before the latter's death, and that older *fi. fas.* were first paid out of the money and the balance was paid on these *fi. fas.* in costs, and $26 was receipted for by Gholston on one of the *fi. fas.* On the trial of the case, the court rejected the justice court executions offered by Gholston, on the ground that they were dormant. A decree was had for Smith. Gholston moved for a new trial, which was refused by the court, and he excepted.

The only question it is necessary for us to decide in this case is, whether these justice's court *fi. fas.* of Gholston were dormant or not; and that depends upon whether a receipt by a justice of the peace for his costs, entered upon the *fi. fas.* by the justice of the peace, and the placing of them in the hands of the sheriff to claim money in his hands, is sufficient to keep them alive. Each one of the *fi. fas.* had the following entry thereon:

"Received of J. A. Williford, sheriff, the costs in this case, November 4th, 1873.          OLIVER THRELKELD, Notary Public."

Is that entry sufficient, taken in connection with the placing of them in the hands of the sheriff to claim money, to prevent dormancy? The court below held that the entry was not made by such an officer as would prevent the execution from becoming dormant; in other words, that not being made by the sheriff or constable,

it amounted to no entry, under section 2914 of the code, the magistrate not being an officer authorized to execute and return the same.

1. We think the court was wrong in its ruling, for two reasons. This section of the code has received an equitable construction by the courts ever since the passage of the act from which it was codified, in 1822, commencing with the convention of judges, as reported in *Dudley's Reports*. As far as we can find, every time this section has been before the courts, when it was necessary to rule upon it, they have invariably held that it must receive an equitable construction. It has been held that the act was passed for the benefit of innocent purchasers and *bona fide* creditors; and it has also been held that any public act of the plaintiff, going to show that the execution was still in life, would be sufficient to prevent its becoming dormant.

In *Wiley et al. vs. Kelsey et al.*, 3 *Kelly*, 274, it was held that if an execution is not barred at the time it comes into court to claim money, the statute cannot subsequently attach, pending the litigation touching the distribution of the fund. In *Worthy vs. Lowry*, 19 *Ga.* 517, it was held that the issuing of a *ca. sa.* was sufficient to prevent a judgment from becoming dormant. In *Ector vs. Ector*, 25 *Ga.* 274, it was held that where the court ordered the sheriff to pay money on a *fi. fa.*, and it was receipted for by the attorneys of the plaintiff, that was sufficient to prevent the *fi. fa.* from becoming dormant; and Judge LUMPKIN, in commenting on the facts in this case, remarks: "Is not the publicity of this transaction quite equal to a return of *nulla bona*, or a receipt of five dollars, upon the execution by the sheriff or constable? Does it not demonstrate, in point of fact, that the creditor is actively endeavoring to collect his money?" In *Clark vs. Feagan*, 42 *Ga.* 269, it was held that a receipt by the sheriff upon a *fi. fa.*, stating that he has

received the costs thereon, is such a return or entry as will prevent the dormancy of the judgment. And in the case of *Thrasher vs. Foster* 42 *Ga.* 212, it was held that the payment of the costs by the plaintiff, and a receipt by the sheriff on the *fi. fa.* was sufficient to prevent the dormancy of the judgment. And it was also held in the same case, that the petition by the plaintiff in *fi. fa.* for the issuing of an *alias fi. fa.*, and the proceedings had thereon, were evidence of the intent of such plaintiff of his claim that his judgment was subsisting and sufficient notice of that fact, within the spirit of the law. In the case of *The Water Lot Company of the City of Columbus vs. The Bank of Brunswick,* 53 *Ga.* 30, the court says: "This court has several times held that any proceedings by the plaintiff, showing that he claimed his judgment to be a subsisting one, entered of record, as putting in his *fi. fa.* to claim money, prosecuting a claim, etc., is a substantial compliance with the act of 1825, so as to prevent the judgment from becoming dormant. Here was a proceeding during term time, and an order passed by the judge, put upon the minutes by the plaintiff, based upon his claim of a subsisting judgment. Is not this as good as a return of no property, as a levy and an order to dismiss it? The point of the statute is not action, but some proceeding showing that the plaintiff claims his judgment to be subsisting." In the case of *Nelson vs. Gill,* 56 *Ga.* 536, it was held that, "in a contest between the plaintiff and defendant in *fi. fa.*, though no entry be made on the execution in seven years, yet if, during that time, the record of the court discloses that a motion was made by defendant for relief against the judgment in the court where it was obtained, and that after argument had on said motion the execution was ordered to proceed within the seven years, and the next year after such order for the execution to proceed, a levy was made, the judgment on which such

execution issued is not dormant." JACKSON, J., in delivering the opinion of the court, says: "If we should confine ourselves to the words of the statute, we should hold it dormant, but this court, in 2 *Kelly* and 3 *Ibid.* and many following cases, departed from the words, and have given the dormant acts an equitable construction. The principle arrived at seems to be that, as between the plaintiff and the defendant, any record facts which go to show that the judgment creditor was active, particularly if his want of activity during any of the time was caused by the act of the defendant, would operate to save the judgment from the operation of the act, such as claiming money in court in the case in 3 *Kelly,* and any official action upon the public dockets so as to notify the world that the plaintiff claimed that his judgment was subsisting, as in 41 *Ga. Rep.* 133." In the case of *Corley vs. White et al.,* 69 *Ga.* 338, it was held that, "in a contest over a fund in court, though more than seven years may have elapsed from the date of a *fi. fa.* to the date of the first entry thereon, it will not be held dormant if it appears that within that time the plaintiff ruled the sheriff to compel its collection, that the latter answered showing reasons for not having collected the money, and that the rule was discharged. Evidence to prove such facts is admissible."

Applying the facts in the present case to these rulings, we think the court below was wrong in ruling out these *fi. fas.* It appears from the record that the sheriff raised a certain fund from the sale of Smith's property under other *fi. fas.* It appears further that the plaintiff in these *fi. fas.* placed them in the hands of the sheriff to claim this money, and that a certain portion of it was credited on the *fi. fas.,* to-wit, the costs due the magistrate in whose court these *fi. fas.* were obtained, and twenty-six dollars· for which the plaintiff in *fi. fa.* receipted on one of the *fi. fas.* Here then was a public

action on the part of the plaintiff, showing that he claimed the *fi. fas.* to be still in life. And as we have seen in some of the decisions cited *supra*, the fact of the plaintiff's placing the execution in the hands of the sheriff to claim the money, is sufficient to keep it alive or prevent it from becoming dormant.

2. Placing an equitable construction upon this section, as authorized by our former decisions, and leaving out of view the reasons above given, we think that the receipt on the *fi. fa.* by the magistrate of his costs would be sufficient to prevent the dormany of these judgments. Section 3961 of the code makes a justice of the peace a collecting officer, subject to rule in the superior court for moneys collected by him. And section 3950 places him on the same footing as sheriffs and attorneys, as to demand and damages; and it has been held by this court in the case of *Johnson vs. Hall*, 5 *Ga.* 384, that a justice of the peace is a collecting officer, and subject to be ruled under these sections. If, therefore, he is a collecting officer, he has a right to collect money upon a *fi. fa.* issued from his court. If he has a right to collect the money, it is his duty to enter a receipt for the same upon the *fi. fa.* If he has a right to collect the money and receipt for the same on the *fi. fa.*, the receipt entered thereon will certainly prevent the *fi. fa.* from becoming dormant. If a receipt for money by a justice of the peace would have this effect, certainly a receipt for the costs due him and the constable, entered upon the *fi. fa.*, should have the same effect. The justice of the peace in this case having entered the receipt for his costs on these *fi. fas.*, we think it was a proper receipt, and would prevent the dormancy of the *fi. fas.*; and the court below, therefore, erred in excluding them.

Judgment reversed.