## 2897.   BRYAN v. MEADERS BROTHERS.

A justice of the peace is a collecting officer, and payment to him of a judgment rendered in this court is good payment.   Hence, where an affidavit of illegality is filed to an execution issued upon a judgment rendered on the 9th of May, and it sets up that the affiant paid the amount of the judgment into the hands of the justice of the peace of the district on the 23d day of May of that year, it was error for the justice of the peace to sustain a motion to dismiss the affidavit of illegality on the ground that the defendant was endeavoring to go behind the judgment and was estopped from attacking the judgment because he had had his day in court.

Decided June 7, 1911.

Affidavit of illegality; from Hall superior court—Judge Kimsey. July 15, 1910.

*P. Cooley, Lucian L. Ray,* for plaintiff in error

*R. L. J. Smith, S. J. Smith, Jr.,* contra.

Powell, J.   Meaders Brothers, it appears, obtained judgment against Tanner and caused garnishment to be issued to Bryan. Bryan admitted indebtedness, and on May 9, 1908, judgment was duly rendered against him.   Execution was issued on July 27, 1908, upon this judgment, and, upon its being levied, Bryan filed an affidavit of illegality, setting up that on May 23, 1908, he paid into the hands of the justice of the peace of the district in which the judgment was rendered the full amount of the execution.   The plaintiff moved to dismiss this affidavit of illegality, on the ground that the defendant was endeavoring to go back of the judgment, and was estopped from attacking it, as he had had his day in court.   The justice of the peace sustained this motion and dismissed the affidavit of illegality.   The case came to the superior court on certiorari, and in his answer the justice of the peace set up a great many matters which could not have been made a part of the record in the case, relating to the manner of payment, and giving reasons resting wholly outside of the record as to why he had sustained the motion to dismiss the affidavit of illegality.   Of course, these recitals as to what the justice of the peace knew about the matter, outside of what was of record in the case, are not proper for consideration, even though included in his answer.   A justice of the peace can not cut off the plaintiff's case in limine, and then "answer him out of court," by setting up, in his answer to the certiorari, extraneous matters which he professes to know.   It is hardly necessary for us

to say that, if the payment was in fact made to the justice of the peace, it'was a good payment.. A justice of the peace in this State is a collecting officer, and authorized to collect debts sued before him. *Lewis* v. *Smith,* 99 *Ga.* 603 (27 S. E. 162) ; *Gholston* v. *O'Kelly,* 81 *Ga.* 19, 24 (7 S. E. 107) ; *Johnson* v. *Hall,* 5 *Ga.* 384. The certiorari should have been sustained in the superior court.

*Judgment reversed.*