No. 69.—ROBERT ANTHONY, plaintiff in error, *vs.* JOHN F. BROOKS, defendant.

[1.] A claim bond, under the Act of 1823, should be made payable to the Sheriff, conditioned to pay the plaintiff in execution such damages as the jury, on the trial of the right of property, may assess against the claimant.

[2.] An injunction will not be granted to restrain a mere trespass, where the injury is not irreparable and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction, in the ordinary course of law.

[3.] To authorize a Court of Equity to interfere in cases of trespass, there must be something particular or special in the case, for which a Court of Law cannot afford an adequate remedy.

Anthony *vs.* Brooks.

In Equity, in Taliaferro Superior Court; decided by Judge SAYRE.

The plaintiff in error filed his bill in Taliaferro Superior Court, charging, that in January, 1841, he became the purchaser at Sheriff's sale of a certain house and lot in Raytown, in said county, sold as the property of one John M. Anthony, and continued in possession of the same until the filing of this bill.

That in the year 1847, the Sheriff of Taliaferro county levied a *fi. fa.* in favor of John F. Brooks *vs.* John M. Anthony, upon the said house and lot, and advertised the same for sale; that on the day of sale, he tendered the usual affidavit, and a claim bond payable to the plaintiff in *fi. fa.* which the Sheriff refused to receive, but proceeded to sell the same, the complainant having given notice of his claim. That since the sale, the Sheriff was about to dispossess him, and place the purchaser at the last sale in possession.

The bill further charged, that there was a levy on the *fi. fa.* in favor of Brooks undisposed of, sufficient to satisfy the execution; and prayed an injunction.

There was a general demurrer filed, and in the answers of the defendant, the facts charged are admitted, except as to the undisposed of levy, as to which the Sheriff answers, that the property levied on had been fraudulently gotten possession of by the complainant himself.

Upon hearing the argument on the demurrer, and motion to dissolve the injunction on coming in of the answer, the Court dissolved the injunction and dismissed the bill.

Whereupon exceptions were filed, and the same is now alleged to be erroneous.

T. R. R. COBB, for plaintiff in error.

L. H. STEPHENS, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The object of the complainant's bill, is to restrain the Sheriff by injunction, from placing the purchaser of certain real estate at Sheriff's sale, in possession of the premises, on the ground,

that the complainant is the owner of the property so purchased by one of the defendants, and that on the day of the Sheriff's sale of the land, the complainant tendered to the Sheriff an affidavit and claim bond, *payable to the plaintiff in execution,* which the Sheriff refused to receive because the bond was not *payable to the Sheriff,* conditioned to pay the plaintiff in execution such damages as the jury might assess, on the trial of the claim, under the provisions of the Statute of 1821, and also, because there was a levy on the *fi. fa.* by virtue of which the sale was made, unaccounted for.

The defendants, under our rule of practice, answered so much of the bill, as related to the levy unaccounted for on the execution, and so much thereof as related to the possession and the threats of the defendants, to dispossess the tenant in possession of the premises, and then moved the Court below to dissolve the injunction ; which motion was granted ; whereupon the complainant excepted, and now assigns the same for error in this Court. The answer of the defendants sufficiently accounts for the levy on the *fi. fa.* and wholly denies that ground of the complainant's equity. With regard to the possession of the tenant, and the threats to dispossess him, we do not think the answers of the defendants are sufficiently full and explicit. We will, therefore, consider the motion to dissolve the injunction on that branch of the case, irrespective of the answers of the defendants. The equity of the complainant's bill is, then, that the Sheriff refused to receive the claim bond on the day of sale, which was tendered, and threatens to turn out the tenants in possession of the premises, who do not hold or claim, under the defendant in execution.

[1.] Was the claim bond properly refused by the Sheriff, on the day of sale ? The Sheriff is a ministerial officer, and was bound to sell the property under the *fi. fa.* in his hands, unless claimed by some one, not a party to such *fi. fa.* according to the provisions of the Statute. The Act of 15th December, 1821, declares, "That when any Sheriff or Coroner shall levy an execution on property claimed by any person, not a party to said execution, such person shall make oath to said property, and it shall be the duty of such Sheriff or Coroner, to postpone the sale, or future execution of the judgment, until the next term of the Court from whence said execution issued; but if said execution shall be levied on real property, and claimed, then the officer

making the levy, shall report the same, together with the execution and claim, to the next term of the Superior Court of the county in which the land so levied on shall lie; and the Court to which such claim shall be reported, shall cause the right of property to be decided on by a jury, at the first term, unless for special cause shown, &c. Provided the person claiming such property, or his agent or attorney, shall give bond to the Sheriff, or coroner, as the case may be, with good and sufficient security, in a sum equal to double the amount of the property levied on, at a reasonable valuation, to be *judged of by the levying officer*, conditioned to pay the plaintiff all damages which the jury, on the trial of the right of property, may assess against him, in case it should appear that said claim was made for the purpose of delay—and it shall be lawful for such jury to give a verdict in manner aforesaid, by virtue whereof, judgment may be entered up against such claimant, and his security or securities, for the damages so assessed by the jury, and the costs of the trial of the right of property." *Prince's Dig.* 448. The Statute directs the bond shall be given *to the Sheriff*, conditioned to pay the plaintiff the damages &c. The contemporaneous construction given to this Statute, so far as we have any personal knowledge, by the practice of our Courts, has been to require all claim bonds to be made payable to the Sheriff, conditioned to pay the plaintiff in execution, the damages which may be assessed, on the trial of the right of property. The Sheriff, by the Statute, is to judge as to the *amount of the bond* which the claimant shall give. The law makes him responsible for the amount of the bond, at a reasonable valuation of the property levied on by him. The bond, therefore, is properly payable to the Sheriff, conditioned to pay the plaintiff in execution, the damages which the jury may assess. This bond, when so taken, is an office paper, taken by the Sheriff, in his *official* capacity, and by him returned to the Court, to which the claim is returnable; and if the jury shall, on the trial of the right of property, assess damages against the claimant, judgment may be entered up against such claimant, and his securities, to the claim bond so taken, and returned by the Sheriff without any farther proceedings being had thereon. The bond tendered by the complainant to the Sheriff, on the day of sale, was not, in our judgment, such a bond as the Statute requires, being payable to the plaintiff in execution, instead of the Sheriff; and the Sheriff, there-

fore, properly refused to receive the bond and postpone the sale.

[2.] The Act of 1823, which authorizes the Sheriff to place the purchaser of real estate in possession, sold by virtue of an execution, does not authorize the officer making such sale, to turn out of the possession of the premises so sold, any other person, but the *defendant in execution, his heirs or tenants.* Prince, 458. We are bound to presume the Sheriff knows the law, and will do his duty and nothing more ; but should he proceed to turn out of the possession of the premises sold by him, persons other than the defendant in execution, his heirs or tenants, then he will act without authority of law, and become a trespasser; and nothing is suggested in the complainant's bill, why he would not have an ample and adequate remedy at Law for the injury which he may sustain in consequence of such trespass.

[3.] An injunction will not be granted to restrain a *mere trespass*, where the injury is not irreparable, and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction, in the ordinary course of law. To authorize a Court of Equity to interfere in cases of trespass, there must be something *particular* or *special* in the case, for which a Court of Law cannot afford an adequate remedy. *Jerome vs. Ross*, 7 *John. Ch. R.* 315. 6 *John. Ch. R.* 500.

The injunction was properly dissolved by the Court below ; therefore, let the judgment be affirmed.