No. 41.—Francis J. Sullivan and Thomas S. Price, Sheriff, plaintiffs in error, *vs.* Jacob Hearnden, defendant in error.

[1.] If the defendant makes an affidavit of illegality, which is insufficient in law to arrest the *fi. fa.* the Sheriff is justified in disregarding it, and pro-ceeding with the sale of the property.

[2.] If the Sheriff has authority to sell property, a failure in the performance of any part of his duty, and for which he would be compelled to indemni-fy the owner to the extent of the injury received, would not destroy the title of an innocent purchaser.

[3.] The illegal dispossession of the tenant, by the Sheriff, under a sale made by him, is a *mere trespass,* which can be adequately compensated at Law, and to restrain which, an injunction will not be granted.

In Equity, in Floyd Superior Court. Decision by Judge John H. Lumpkin, at Chambers.

For the facts of this case, see the decision of the Court.

ALEXANDER, for plaintiffs in error.

UNDERWOOD, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

An execution, issuing out of Floyd Superior Court, in favor of William J. Cantrell, against Jacob Hearnden, was levied upon two Town lots, Nos. 4 and 21, in the Etowah division of the City of Rome, as the property of the defendant. Before the day of sale, Hearnden, the defendant, made oath, in writing, that the *fieri facias* was proceeding illegally against him, upon the ground, that the property levied on, was then in the custody of the law, having been previously seized as the property of one James M. Hearnden, and claimed by the affiant or some other person.

The Sheriff, disregarding the affidavit as insufficient, proceeded to sell the property, which was bid off by Francis J. Sullivan. Jacob Hearnden then filed his bill in Chancery, setting forth these facts, and praying for an injunction to restrain the purchaser and Sheriff from dispossessing him, which was granted.

The answers of the defendant were filed, denying, fully, all the equity in the bill. Sullivan swore that he had not the slightest notice or intimation that any attempt had been made to stop the sale until several days after he bought; and Price, the Sheriff, deposed, that deeming the affidavit wholly insufficient to suspend the sale, he notified the defendant that he should sell the property unless the money was paid.

A motion was made at Chambers to dissolve the injunction, which was refused by the Chancellor.

Ought the injunction to have been continued? We think not, most clearly: 1st. Because the ground taken by the defendant to stop the sale was totally insufficient, and consequently he has no equity. The affidavit states, that the lots before that time, had been levied on as the property of James M. Hearn-

den, and claimed and was then in litigation. Grant it. It was the duty of James M. Hearnden, or his creditors, or the claimant, to interfere, and not Jacob Hearnden, as whose property it was now selling. If he was the claimant, and such is disclosed to be the fact, by the answer to the bill, then the property belonged to him, and was liable to seizure and sale, for his debts, or else he was guilty of perjury in claiming it, on oath, as his.

[1.] The Sheriff rejects an affidavit of illegality, duly tendered him, at his peril; but if the law sanctions his judgment, as to its sufficiency, the proceeding will be legal and the Sheriff justified.

[2.] But concede that the ground taken was insufficient to have arrested the sale, will the misconduct of the officer invalidate the title of a *bona fide* purchaser? We apprehend not.

It was well said by Judge *Ruffin*, in *Mordecai vs. Speight*, (3 *Dev. L. Rep.* 428,) that to require bidders to see that the Sheriff had complied with all his duties, "would be dangerous to purchasers and ruinous to defendants in execution." The Sheriff derives his authority to sell from the *fieri facias;* and whether, in conducting the sale, he discharges his obligations to third persons, is wholly immaterial to the fair and honest purchaser. If the Sheriff is guilty of official delinquency, he and his sureties are responsible to the party aggrieved.

[3.] But suppose we were wrong upon both of these points; still the injunction must be dissolved. This Court has twice decided that the injury here threatened, that is, for the Sheriff to dispossess the occupant of land illegally, and place the purchaser at his sale in possession, is a mere trespass, susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law; and that therefore an injunction will not be granted, or if sanctioned will not be retained. *Anthony vs. Brooks,* 5 *Ga. Rep.* 576. *Bethune vs. Willkes & Rutherford,* 8 *Ga. Rep.* 118.

In the latter case, the bill alleged, that the tenants, the *cestui que trust* of the complainant, would become homeless and houseless, for want of means to procure another habitation. But the

response of the Court was, that this would only aggravate the trespass, and enhance the measure of damages.

The judgment below must be reversed.