King *vs.* Morris *et al.*

---

John P. King, plaintiff in error, *vs.* Franklin B. Morris *et al.*, executors, defendants in error.

Judgments which were legal, valid, subsisting judgments at the time of the testator's or intestate's death, are to be paid according to their priority of lien at *that time*, and if such judgments should afterwards become dormant, and be revived before the assets of the estate shall have been distributed, such revived judgments will relate back, as to the order of payment, to the exact position which such judgments occupied at the death of the testator or intestate, and are to be paid according to the priority of lien as the same existed at *that time.*

Dormant Judgments. Distribution of Estates. Practice. Before Judge Parrott. Whitfield Superior Court. November Term, 1869.

On the 4th of January, 1859, King obtained a judgment against James Morris, in Whitfield county, upon which a *fi. fa.* was issued on the 18th of November, 1859. On this *fi. fa.* were no entries, but a receipt by King's attorney for $500 00, dated 12th of June, 1860, and a receipt by the clerk for the costs, dated the 13th of December, 1859. James Morris died testate on the 10th of June, 1865, and afterwards plaintiffs in error qualified as his executors. As such they, on the 20th of September, 1867, filed a bill to marshal the assets of said testator, enjoining his creditors from levying *ad interim*. In November, 1869, said judgment was revived. These matters were referred to an auditor, and he reported said judgment as dormant. It also appeared by

said report that the assets would not pay over fifty cents in dollar of this demand unless it took rank as a subsisting judgment entitled to priority. Upon these facts being brought to the notice of the Court, he approved said report, and adjudged that said judgment could not be paid out of said assets as a judgment, but must be classed among dormant judgments, promissory notes, etc., in the distribution of said assets. This ruling is assigned as error.

D. A. WALKER, for plaintiff in error, said the *status* of demands is fixed at the death of debtor: Irwin's Code, secs. 2465, 2494; Boujoux vs. Beavan, Dudley's R., 110–113–116; 5th Ga. R., 290–1; 7th Ga. R., 395; 15th, 441; 8th, 353; 21st, 509–11.

W. K. MOORE, for defendants in error.

WARNER, J.

The plaintiff, King, had obtained a judgment against the testator in his lifetime, which was a valid subsisting judgment at the time of the testator's death, in June, 1865, but afterwads became dormant, and has since been revived as provided by law, and the question is, whether this judgment is to be paid according to its dignity and priority of lien as the same existed at the time of the testator's death, or whether it is to be classed and paid as a dormant judgment debt out of the assets of the testator. According to the provisions of the Code, and the former adjudications of this Court, all judgments which were legal, valid, subsisting judgments at the time of the death of the testator or intestate, are to be paid according to their priority of lien *at that time.* Therefore, if such judgments should afterwards become dormant, and afterwards be revived before the assets of the estate shall have been distributed, such revived judgments will relate back, as to the order of payment, to the exact position which such judgments occupied at the death of the testator or intestate, and are to be paid according to the priority of lien as the same existed *at that time.*

Let the judgment of the Court below be reversed.