Solomon *et al. vs.* Hinton *et al.*

----

WILLIAM SOLOMON *et al.*, plaintiffs in error, *vs.* MARTIN J. HINTON *et al.*, defendants in error.

The 4th and 29th sections of the Act of 1856, prescribing that after seven years, without an entry, etc., a judgment shall not be enforced, but shall be presumed to be satisfied, and also that where a *bona fide* purchaser has been in the possession of real property for four years, it shall be discharged of the lien of any judgment against the person from whom he purchased, were parts of a statute of limitations in force on the 30th of November, 1860, and were, by the terms, spirit and intention of the Act of that date, suspended, and by the various Acts from 1860 to 1865, the suspension was continued until the close of the war.

Statute of limitations. Judgment. Land. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

For the facts of this case, see the decision.

HILL & CANDLER, for plaintiffs in error.

L. E. BLECKLEY, for defendants.

WARNER, Chief Justice.

The only question made in this case is, whether the execution under which the land was sold and purchased by the defendants, was dormant at the time of the sale, and that depends on the fact whether the statute limiting the time within which judgments should be enforced by executions issued thereon is a statute of limitations, and was suspended during the war. If it is a statute of limitations, and was suspended during the war, then the judgment and execution under which the land was sold was not dormant at the time of the sale. The Court charged the jury that the execution was dormant if, at the time the levy was made on the land, there was no entry made thereon by an officer authorized to execute and return the same within seven years next before said levy; to which charge the defendants excepted. The judgment was obtained on the 23d day of April, 1859, and execution issued thereon 6th of May, 1859, and was levied on the land 5th of March, 1867.

In view of the facts disclosed in the record, this charge of the Court was error. In the case of *Akin vs. Freeman,* 49 *Georgia Reports,* page 51, this Court held and decided that the 8th and 29th sections of the Act of 1856, prescribing that, after seven years without an entry, etc., a judgment shall not be enforced, but shall be presumed to be satisfied, and also that where a *bona fide* purchaser has been in the possession of real property for four years, it shall be discharged of the lien of any judgment against the person from whom he purchased, were parts of a statute of limitations in force on the 30th of November, 1860, and were, by the terms, spirit and intention of the Act of that date, suspended, and by the various Acts from 1860 to 1865, the suspension was continued until the close of the war.

Let the judgment of the Court below be reversed.