WILLIAM A. BLACK, plaintiff in error, *vs.* THOMAS R. SWAN-SON, defendant in error.

A note executed in January, 1865, and due in December of the same year, was not on the 15th of June, 1871, barred by the statute of limitations, nor was the holder thereof prevented at that time, by the Act of March 16th, 1869, from pleading the same as a set-off to an action pending against him by the maker.

Statute of limitations. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1873.

Swanson sued Black in the Justice Court of the seven hundred and eighty-ninth district, on a note which it is impossible to set forth, as the record fails to disclose a copy. The

Black *vs.* Swanson.

case was carried by appeal to the Superior Court, Henry S. Davis becoming the security for Black, the appellant. The defendant pleaded as set-off a note made by Swanson on January 2d, 1865, due December 25th thereafter, payable to the defendant or bearer, for $400 00. This plea was filed on June 8th, 1871.

The plaintiff introduced the note sued on and closed. The defendant introduced the note pleaded as set-off and closed. The Court charged the jury, "that the note pleaded and introduced as a set-off was barred by the statute of limitations." To which charge the defendant excepted.

The jury returned a verdict for the plaintiff. The defendant assigns error on the aforesaid ground of exception.

ALLEN FORT, by N. A. SMITH, for plaintiff in error.

HAWKINS, GUERRY & HOLLIS, for defendant.

TRIPPE, Judge.

It cannot be denied that there is great difficulty, if indeed there be not an impossibility in construing the Act of March 16th, 1869, entitled "An Act in relation to the statute of limitations," etc., so as to make all parts consistent with each other. The 3d section, which is the first one in the Act touching actions on contracts, refers to bonds and other sealed instruments, and also to statutory actions. This section speaks of actions on bonds, etc., "*which accrued* prior to 1st June, 1865, not now barred," and declares that they must be brought by 1st January, 1870. The 4th section refers to actions on promissory notes and other simple contracts in writing, etc., and prescribes that such actions "which accrued on a *contract which was made* prior to 1st June, 1865, must be brought, etc. The next section is in reference to actions against executors, etc., *which accrued* prior to June 1st, 1865. The 6th section embraces all other actions upon contracts, express or implied, etc., but again defines them *as accruing* prior to June 1st, 1865. The last clause of this section seems to be intended to

make the Act apply, as to the time when the action shall be brought, to all the instances before specified of contracts, by providing that it "shall take effect in all cases mentioned whether the right of action had *actually accrued* prior to 1st June, 1865, or was then only *inchoate and imperfect,* if the contract or liability was then in existence."

The 7th section refers to actions for *torts,* and throws no light on the point we are considering. The first provision quoted is as to actions on sealed instruments, etc., and only includes those cases where the *action accrued prior to June 1st,* 1865. Then come the cases of actions "on simple contracts, *which accrued* on a *contract* which was *made*" prior to said day. Then *actions* against executors, *which accrued* prior to that day. Next, all *other actions* or contracts, express or implied, *which accrued,* etc. And again, a sort of omnibus provision, saying it matters not whether the *right of action had actually accrued* prior to 1st June, 1865, or was then only *inchoate* and *imperfect,* if the contract or liability was then in existence, the limitations should take effect. Thus far, it would seem that an action on a note executed in January, 1865, and due in the ensuing December, must have been commenced by the 1st January, 1870. The 3d section, and the latter clause of the 6th, are certainly in their words to that effect. Actions on sealed instruments, against executors, etc., and all other actions, mentioned in the first clause of the 6th section, by the terms of the special provisions in reference to them, need not to have been brought by that time, if the action did not accrue prior to June 1st, 1865. It is only by the last clause of the 6th section that the prescribed limitation can be made to apply to them. To add to the difficulty, and making an almost irreconcilable conflict, the 8th section is as follows: "That all *cases* of *the character* mentioned in *any section* of this Act, *which have arisen,* or in which the *right of action or the liability has accrued,* or the contract has been made since the 1st June, 1865, shall be controlled and governed by the *limitation laws,* as set forth in the *Revised Code* of Georgia, adopted by the

Black *vs.* Swanson.

Constitution of this State." Clearly, by this section, in the case of the note supposed, which is just the fact with the note under consideration, to-wit, it was made in January, 1865, and due December, 1865—the right of action did not accrue until after June 1st, 1865, though the contract was made prior to that date. No right of action accrued until the maturity of the note, December, 1865. The 8th section expressly says·that such cases shall be controlled and governed by the limitation laws of the Code. Those laws give the holder of the note six years from the time the right of action accrued. We solve the whole difficulty, as far as we can, by bringing this case within the 8th section. It requires no construction of words different from their plain, obvious, simple and legal meaning and effect. And though there may be difficulty in reconciling other portions of the Act to this, yet still greater would be the difficulty in attempting to force any other construction of the clear and palpable terms of the 8th section. It is the last section of the Act, except the repealing clause; and, whatever may be the inconsistencies of the other sections, there can be no doubt as to the meaning of the terms used in this.

The note held by plaintiff in error, though made before, was not due until after June 1st, 1865. No right of action accrued until after that date, and by the Act of March 16th, 1869, it is controlled by the limitation laws set forth in the Code. As by those laws, his right of action would not be barred until December, 1871, and as he had pleaded the note in June, 1871, as a set-off to an action brought against him, he is entitled to recover thereon, so far as he is affected by the statute of limitations.

Judgment reversed.