JULIA A. TURNER, plaintiff in error, *vs.* JAMES GRUBBS, defendant in error.

Where the judgment was rendered in May, 1866, and execution did not issue until June, 1873, the judgment was dormant.

Statute of Limitations. Judgments. Before Judge PEEPLES. Clayton Superior Court. September Term, 1876.

Report unnecessary.

SPEER & STEWART, by brief, for plaintiff in error.

L. J. Glenn & Son; John L. Hopkins, by brief, for defendant.

Bleckley, Judge.

This case was not argued. It was submitted on the briefs of counsel, and the defendant in error cited only 55 *Ga.*, 274. The cases in 51 *Ib.*, 555, and 53 *Ib.*, 41, were not brought to our attention, nor did we consult them, until after the judgment of reversal was made up and announced. The bearing of these two authorities may be thought to be opposed to that judgment; but they are not directly· in point, and we rather think we have not missed the meaning of the act of 1869, in holding that the issuing of execution within seven years, on a judgment rendered *after* June 1st, 1865, was necessary, in order to prevent dormancy. We followed the analogy of the cases decided on promissory notes, etc., in 49 *Ga.*, 424, 431, and 56 *Ib.*, 684. It is only judgments rendered after June 1st, 1865, that we consider affected by the analogy. Domestic judgments rendered prior to that time, and not dormant at the date of the act of 1869, were not acted upon by that statute in any way. As to them, the limitation laws were suspended during the war, and up to the establishment of civil government in July, 1868, and the suspension has not been cut down or counted out. On examination, we think that every case heretofore ruled—not in all that was said, but in all that was decided—will be found to square with the distinction which we have suggested. The subject of limitation, as to judgments, comprehends the period within which dormancy will take place, as well as the period after dormancy within which proceedings to revive must begin. 50 *Ga.*, 163. With the latter branch of the subject, the second section of the act of 1869 deals in express terms, as to certain judgments. The eighth section then declares, " that all *cases* of the character mentioned in any section of this act, which have arisen, or in which the right of action or the *liability*

has accrued, or the contract has been made since the first of June, 1865, shall be controlled and governed by the limitation laws as set forth in the Revised Code of Georgia, adopted by the new constitution of this state." The case of judgments is one of the cases mentioned in the second section of the act. When a judgment is rendered, the *liability* to execution accrues. By the Code, section 2914, execution must issue within seven years from the rendition of judgment, or the judgment will be dormant; and within three years thereafter the judgment must be revived, if revived at all, by *scire facias*. Thus, according to the Code, where no execution issues within the time prescribed, *scire facias* to revive must be brought within ten years from the time the judgment is rendered. All this is limitation, and the eighth section of the act of 1869, above quoted, in so far as it applies to judgments rendered after June 1st, 1865, puts them under the "limitation laws as set forth in the Code." "Limitation laws" include more than those provisions relating simply to the bringing of actions. They embrace, as well, according to repeated rulings of this court, regulations for keeping judgments alive. It is only by thus construing them, that these regulations can be held to have been suspended at all. If they can be suspended under the name of limitation laws, they can be set in motion again under the same name.

Judgment reversed.