## Smith *vs.* Sweat *et al.*

When the *fi. fa.* correctly describes the judgment as one recovered by B. T. Harrington & Co., there is no material variance from the judgment in a subsequent clause which requires the money, when collected, to be paid to B. T Harrington. The omission of " & Co." is plainly a clerical error, and does not affect the sheriff's authority to seize and sell the defendant's property.

Executions. Evidence. Before Judge HARRIS. Ware Superior Court. September Term, 1877.

Joel Smith filed his bill against Fanny Sweat and the former sheriff of Ware county, to reform a sheriff's deed

conveying to him certain land. Upon the trial, he offered in evidence the execution under which the sale was made. It was objected to on account of the variance stated in the head-note. The *fi. fa.* was excluded, and complainant excepted. The trial resulted in a verdict for the defendants.

Error is assigned upon the above ground of exception.

IRA E. SMITH; G. J. HOLTON; M. L. MERSHON; GEO. B. WILLIAMS, for plaintiff in error.

J. C. NICHOLS, by Z. D. HARRISON, for defendants.

BLECKLEY, Judge.

That part of the *fi. fa.* which conferred on the sheriff authority to seize and sell was perfect. The slight error in the subsequent direction in respect to disposing of the proceeds of sale was of no consequence. It was plainly a clerical omission, and whether supplied or not by amendment, would make little or no difference. Certainly it did not affect the sheriff's authority to seize and sell the defendant's property; and that was the only material matter in passing upon the validity of a sale made under the *fi. fa.*

Cited for plaintiff in error: Code, §§2628, 3496, 3507; 11 *Ga.*, 294; 37 *Ib.*, 251; 56 *Ib.*, 543.

Judgment reversed.