VANDERBERG, BONNETT & CO. *vs.* THRELDKELD.

1. An affidavit of illegality which showed that more than seven years had elapsed between the time of the last entry on the *fi. fa.* by an authorized officer and the levy, and set up that the judgment was therefore dormant, was not demurrable.

2. A proceeding by *scire facias* to revive a judgment charged, and believed, to be dormant, though it was not so in point of fact, did not prevent it from becoming dormant.

Judgments. Statute of limitations. Levy and sale. Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1878.

Reported in the decision.

L. T. DOWNING, for plaintiffs in error, cited as follows: On demurrer (lapse of seven years not necessarily render judgment dormant), 25 *Ga.*, 274 ; 3 *Kelly*, 274 ; 59 *Ga.*, 385, 828 ; 19 *Ib.*, 517 ; 41 *Ib.*, 133 ; 42 *Ib.*, 214 ; 56 *Ib.*, 537 ; on dormancy of judgment, authorities *supra* ; 53 *Ga.*, 563.

W. A. LITTLE; B. H. CRAWFORD; JOHN PEABODY, for defendant, cited as follows: Judgment dormant, Code, §2914; not relieved by *sci. fa.*, 41 *Ga.*, 134; 42 *Ib.*, 213; 49 *Ib.*, 576; 56 *Ib.*, 538; 49 *Ib.*, 51; 55 *Ib.*, 274.

WARNER, Chief Justice.

This was a motion for a new trial which was overruled by the court and the plaintiff excepted. It appears from the record that the case was submitted to the decision of the court without the intervention of a jury, when the following facts appeared in evidence:

1. Judgment recovered in favor of plaintiffs against defendant in Muscogee superior court, November 20, 1857, at November term 1857.

2. Execution on said judgment, dated January 20, 1858, returnable to May term, 1858, of said court.

3. Cost of clerk and sheriff, on said execution, paid respectively to each by plaintiffs' attorney.

4. December 31, 1869, *scire facias* to revive said judgment as dormant, sued out in behalf of plaintiffs, returnable to May term, 1870, and served by the sheriff of Spalding county, personally, on the defendant, who was then living in that county. The fee of the sheriff for said service was paid in behalf of the plaintiffs.

The *scire facias* was returned to the superior court of Muscogee county, where it stood upon the dockets of said court until it was dismissed, on motion of defendant, at May term, June 17, 1871.

5. After this, the original execution was lost, and in fact has never since been found. With the hope, however, that it might come to light, plaintiffs, by attorney, continued their search for it until the approach of November term, 1876, of the court, when they filed a petition for an *alias*, and thereon an *alias* execution in lieu of said lost original, was ordered to issue, and was levied December 30, 1876, on land as property of the defendant.

6. Thereupon defendant made and filed his affidavit of illegality on the ground that the judgment was sued out on November 20, 1857, at November term, 1857, that execution issued January 20, 1858, and that from and after —— day of May, 1858, no entry had been made, and that seven years had expired from the time of the last entry upon said execution, made by an officer authorized to execute and return the same.

The illegality came on to be heard at May term, 1878, when the plaintiffs demurred to said affidavit, but said demurrer was overruled. Thereupon plaintiffs put in evidence:

1. Said *alias* execution and the entries thereon of costs paid, and same entries from the dockets.

2. Said *scire facias* and the entry thereon by the sheriff of Spalding county, of service on defendant, and his receipt for his fee for said service.

3. The judgment of the court at May term, 1871—under date June 17, 1871—dismissing said *scire facias*, and which is as follows:

" Vanderberg, Bonnett & Co. *vs.* John W. Threldkeld. *Scire facias* to revive judgment. Dismissed for want of affidavit.

"It appearing to the court, that the judgment upon which the above *scire facias* is issued, was founded upon a contract made or implied before the first day of June, 1865, and that the plaintiffs have failed to file an affidavit that all legal taxes chargeable by law have been paid upon the same: It is thereupon, on motion of defendant, ordered that said *scire facias* be dismissed, and that defendant recover of the plaintiffs the sum of —— dollars, cost of this proceeding."

4. The order of court at November term, 1876, under date of December 12, 1876, establishing said *alias* in lieu of said lost *fi. fa.*

L. T. Downing testified: That as attorney for plaintiffs,

he sued out said *scire facias* to save the bar of the act of March 16, 1869, and in prosecution of his endeavors to collect said claim, regarding said judgment as dormant under the law as then recognized and understood; that he sent said *scire facias*, with sheriff's fee, to the sheriff of Spalding county, where defendant then lived, to be served on him; that he remembered said original execution; that it was lost after dismissal of said *scire facias*, and has not since been found; that he had searched for it everywhere it was likely to be, and, in the hope that it might some day come to light, he deferred taking other steps until, despairing of finding the original paper, he filed the application for said *alias*, which was allowed by the court; that the *alias* was issued and levied.

Geo. Y. Pond, the clerk, and J. G. Burrus, the sheriff, testified that, at request of attorney of plaintiffs, they had searched in their respective offices for said original paper, and could not find it.

The evidence being closed, the court, after argument, decided that said judgment, the foundation of said *fi. fa.*, was dormant, and sustained said affidavit; whereupon plaintiffs filed a motion for a new trial, alleging for error—

1. The overruling of said demurrer.

2. The decision of the court that said judgment was dormant.

There was no error in overruling the demurrer to the defendant's affidavit of illegality. The plaintiff relied upon the *scire facias* sued out on the 31st of December, 1869, alleging that said judgment was dormant, to take it out of the dormant judgment act. Whilst it may be true that the judgment was not dormant at that time, according to a correct interpretation of the law, still it is difficult to perceive how that proceeding of the plaintiff, in which he alleged that the judgment *was* dormant, can be construed as an act of the plaintiff going to show that the judgment was a valid, subsisting judgment, and not a dormant judgment.

There was no error in deciding that the judgment was dormant, on the statement of facts contained in the record.

Let the judgment of the court below be affirmed.