## SMITH vs. WHITE.

(WARNER, Chief Justice, being engaged in presiding over the senate, organized as a court of impeachment, did not sit in this case.)

1. A judgment rendered in 1867 and execution issued thereon on 8th of November, 1867, was put by the act of 1869 under the Code as to limitation, and no entry being made on the *fi. fa.* until April 3d, 1875, the judgment is dormant.
2. Litigation between plaintiff in execution and his ward for possession and control of the *fi. fa.*, will not prevent dormancy; nor will the death of either plaintiff or defendant prevent it.

Judgments. Executions. Statute of limitations. Before Judge WRIGHT. Decatur Superior Court. May Term, 1879.

An execution issued in 1867 was levied on certain property of one of the defendants therein (White), and he filed an affidavit of illegality on the ground of dormancy. No entry appears on the *fi. fa.* from the date of its issuance until 1875. It was issued in the name of Butler, guardian, against White and others. Butler was the guardian of Mrs. Smith; one Patterson succeeded him. Patterson, guardian, and others interested, filed a bill against Butler to compel him to deliver up certain property, including this *fa. fi.* In 1873 a decree was rendered for complainants, and the *fi. fa.* was actually received in 1876. Butler died in 1874. The *fi. fa.* was delivered to the ward. On these facts the case was submitted to the court without a jury. He sustained the illegality. Plaintiff moved for a new trial. It was refused, and plaintiff excepted.

BOWER & CRAWFORD, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Justice.

The facts admitted are that the judgment was rendered and execution thereon issued in 1867, and no entry was

made thereon until 1875—so that this case falls within the ruling in *Turner vs. Grubb*, 58 *Ga.*, 278, and must be controlled by it on the main point. It is dormant by virtue of the 8th section of the act of 1869 and the Code in respect to dormancy where that section puts it.

Litigation between parties as to the right to possess and use the execution, as in this case between plaintiff in execution and his ward, will not prevent dormancy; nor will the death of either the plaintiff or defendant in execution.

Judgment affirmed.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

