## MOSELY vs. SANDERS.

1. Where a judgment was rendered in April, 1866, on which a *fi. fa.* was issued in May and delivered to the sheriff in October of the same year, and nothing more was done until the April term of court, 1875, when, the original *fi. fa.* having been lost, an *alias fi. fa.* was issued, which was levied on certain land, the judgment was dormant.

2. If a sheriff rejects an affidavit of illegality, he does so at his risk, and if he declines to receive an affidavit of illegality, which is the proper remedy, he becomes responsible to the injured party.

3. Expenses of litigation are not punitive or vindictive damages, but stand alone, and are regulated by §2942 of the Code, and the jury may allow them if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. In this case, they were sustainable on the last ground stated.

May 1, 1886.

Judgments. Statute of Limitations. Sheriffs. Illegality. Damages. Before Judge JOHN T. CLARKE. Early Superior Court. October Term, 1885.

To the report contained in the decision, it is necessary to add only the grounds of the motion for a new trial, which were as follows:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged that, if the defendant, while sheriff, levied a *fi. fa.* which was dormant on the land of the plaintiff and proceeded to sell it, notwithstanding the plaintiff presented him an affidavit of illegality, setting up lawful and true reasons why he should not proceed, and thus threatened the plaintiff's possession and compelled him to take trouble and expense to defend himself, his conduct was illegal and injurious to the plaintiff's rights, and he was liable for all damages which were actually produced by such illegal act; the fact that he acted honestly and in good faith in what he considered the performance of his duty cannot exempt him from such liability for the actual damages so caused; but if the jury believed he so acted in good faith, although his error would make him liable for the actual damages, they ought not to find against him exemplary or vindictive damages.

(3.) Because the court charged that the *fi. fa.* under which the defendant made the levy and sale was dormant, and that the sheriff had no authority to make such levy and sale thereunder.

(4.) Because the court charged that the jury might con. sider, as part of the damages, such necessary and reasona ble attorneys' fees and necessary expenses as might be proved that Sanders had paid, or was bound to pay, in defending himself against that illegal proceeding.

E. C. BOWER, for plaintiff in error.

BACON & RUTHERFORD, for defendant.

JACKSON, Chief Justice.

This is an action brought against the sheriff for damages in levying a dormant judgment and declining to receive an affidavit of illegality, thereby forcing the plaintiff in the present suit to purchase the land and damaging him thereby. The jury found for the plaintiff, and the case comes before us for review.

1. Was the judgment dormant? It was rendered in April, 1866, *fi. fa.* issued in May, and delivered to the sheriff in October of the same year. This *fi. fa.* was lost, and an *alias* was issued at the April term, 1875, and levied on the lands of the defendant in execution, the plaintiff in the present action. The case of *Turner vs. Grubbs,* 58 *Ga.,* 278, covers this point all over; and that case was followed by *Smith vs. White,* 63 *Ga.,* 236, and is too well established to be reviewed now. *Stare decisis* should be adhered to, even if originally the question was doubtful.

2. Was the plaintiff entitled to recover? The sheriff declined to receive the affidavit of illegality when it was the defendant's, present plaintiff's, remedy. *Smith & Merrritt vs. Dickson & Harris,* 9 *Ga.,* 400. The rejection of the affidavit is at sheriff's risk (*Sullivan & Price vs. Hearnden,* 11 *Ga.,* 294; *Tucker et al. vs. Respass,* 28 *Ib.,* 613), and he becomes responsible to the injured party. Same cases.

3. Expenses of litigation do not fall under the head of punitive or vindictive damages under our Code, but they stand by themselves.

Section 2992 of the Code regulates their position and when they may be recovered. Where the sheriff acted in bad faith, they would be recoverable; or if he had been stubbornly litigious, *or had caused the plaintiff unneces sary trouble and expense*, then the jury may allow them.

We think this case falls within the last italicized ground in the statute above cited. He should have received the affidavit and had the question of the dormancy of the judgment and illegality of the process tried by the court. He could not have been made liable by the other side for doing so in this case. Taking the charge, as given in the three extracts from it excepted to, we see no error in it, all construed together, and none in overruling the motion for a new trial.

Judgment affirmed