COLSON *v.* KENNEDY *et al.*

On a money rule in the superior court to distribute a fund raised by the sale of a decedent's property under a judgment obtained against him in his lifetime, there being no evidence of the insolvency of his estate or of its insufficiency to pay all the debts against it, a judgment which was not dormant at the time of his death but which was conceded at the trial to have become so afterwards, though older than a competing judgment which is not dormant, is not entitled to take the fund or any part of it as against such competing judgment.        *Judgment affirmed.*
December 7, 1891.

Money rule. Dormant judgment. Before Judge RONEY. Burke superior court. May term, 1891.

The sheriff having a fund from the sale of property of O'Bannon under certain *fi. fas.*, a rule to distribute the same was brought on May 7, 1891. The money was claimed by *fi. fas.* of Colson, Kennedy and Thompson, each against O'Bannon and each sufficient in amount to take the fund remaining after the payment of an execution in favor of Stallings, the priority of which was uncontested. The cause was submitted to the judge, and he awarded the fund to the Kennedy *fi. fa.* Colson excepted.

The judgment in favor of Colson was rendered and *fi. fa.* issued thereon in March, 1881. In November, 1881, it was levied upon certain personalty which was claimed as an exemption; and at the March term, 1882, of the court from which the execution issued, the claim was dismissed and the property levied on found subject. The original *fi. fa.* was lost, and an *alias fi. fa.* issued September 19, 1889. The only entry the *fi. fa.* bears is of the levy above mentioned, and an entry as to the issuing of the *alias*. It was dormant at the hearing of the rule and when the *alias* issued, but not at the death of O'Bannon in 1885. When the Stallings *fi. fa.* was levied in the fall of 1889, Colson filed an equitable petition setting forth that his judgment was dormant, but was a demand against the estate of O'Bannon of superior dignity, and that the estate was unrepresented and the judgment had not been revived; and praying an order restraining the sheriff from paying out funds arising from the sale of O'Bannon's property, except by order of court. A temporary restraining order was granted, but no hearing has been had in the matter. There has never been any administration upon the estate of O'Bannon. At the instance of Colson, in the fall of 1889, notice was published to vest adminis-

tration of the estate in the clerk of the superior court. A son of the deceased claimed administration and selected one Cohen. Cohen signed a blank bond, but failed to give security and failed to qualify, and no letters were issued to him or any one. Colson, thinking he had qualified, sued him, as administrator, to revive the judgment. He acknowledged service, and Colson finally took judgment to revive, but soon after found that Cohen had not qualified. No effort to revive the judgment has since been made. The judgment of Colson is the oldest claim on the fund, and judgments of Kennedy the next oldest. Kennedy's judgments were rendered in September, 1881, and his *fi. fas.* have been kept alive by proper entries. The principal portion of the fund in the hands of the sheriff arose from sale under the Stallings *fi. fa.* in the fall of 1889 ; the remainder arose from sale of personal property under the Kennedy *fi. fas.* in 1889.

R. O. Lovett, for plaintiff in error, cited Code, §2533; Acts 1882–3, p. 104 ; 5 *Ga.* 274 ; 7 *Ga.* 395 ; 21 *Ga.* 507 ; 40 *Ga.* 63 ; 42 *Ga.* 161 ; 50 *Ga.* 537 ; 68 *Ga.* 598 ; 81 *Ga.* 19, 414; 3 P. & W. 417; 1 Black J. 468 ; Freem. J. 81 ; 16 Johns. 537 ; 1 Cow. 711 ; 16 Wis. 468.

Phil. P. Johnston, *contra,* cited Code, §§2533, 2548, 2914, 2928, 3657 ; 11 *Ga.* 424 ; 15 *Ga.* 441 ; 40 *Ga.* 63 ; 43 *Ga.* 475 ; 61 *Ga.* 16 ; 63 *Ga.* 236.